■ FREMONT INVESTMENT & LOAN, Respondent, v SELINA DELSOL et al., Defendants, and SHIRLEY THOMPSON, Appellant. [885 NYS2d 505]—

In an action, inter alia, to impose an equitable mortgage upon certain real property owned by the defendant Shirley Thompson, that defendant appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered January 11, 2008, which granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action to the extent of imposing an equitable mortgage upon the real property in the amount of $258,570.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the first cause of action is denied, and the matter is remitted to the Supreme Court, Westchester County, for a determination of that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action.

In connection with the purported sale of the appellant's residence, the plaintiff lender Fremont Investment & Loan provided the funds for the satisfaction of a mortgage thereon through a wire transfer to the defendant Frank DeGrasse, the attorney entrusted with receiving the loan proceeds and disbursing them to the proper parties. DeGrasse transferred the sum of $258,750.33 to the appellant's mortgagee, obtained a satisfaction of the appellant's mortgage, and disbursed additional monies to the appellant in the sum of $22,822, but failed to record the purported purchaser's mortgage or the deed transferring title to the subject property. Rather, DeGrasse allegedly

absconded with the remaining loan proceeds. The appellant thereby remained the title owner of the residence which was, however, no longer encumbered by a mortgage.

The plaintiff moved for summary judgment on the first cause of action to impose an equitable mortgage on the appellant's residence or, in the alternative, on the fourth cause of action to recover damages for unjust enrichment insofar as asserted against the appellant. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action to impose an equitable mortgage on the appellant's real property, and thus did not decide that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action. We reverse.

"While [a] court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation . . . it is necessary that an intention to create such a charge clearly appear from the language and the attendant circumstances" (*Tornatore v Bruno,* 12 AD3d 1115, 1117-1118 [2004] [internal quotation marks and citations omitted]; *see Pennsylvania Oil Prods. Ref. Co. v Willrock Producing Co.,* 267 NY 427, 434-435 [1935]; *Village of Philadelphia v FortisUS Energy Corp.,* 48 AD3d 1193, 1195 [2008]; *see also Szerdahelyi v Harris,* 110 AD2d 550, 558 [1985]). Here, although the plaintiff demonstrated, prima facie, that the appellant was unjustly enriched by the satisfaction of the mortgage and by the other disbursements she received (*see e.g. Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.,* 64 AD3d 85 [2009]; *cf. MT Prop., Inc. v Ira Weinstein & Larry Weinstein, LLC,* 50 AD3d 751 [2008]; *Midwest First Fin. Ltd. Partnership III v First Am. Tit. Ins. Co. of N.Y.,* 14 AD3d 497 [2005]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 326 [1986]), the plaintiff failed to meet its burden of establishing the intent necessary to impose an equitable mortgage (*see Tornatore v Bruno,* 12 AD3d at 1117-1118). Accordingly, the plaintiff failed to demonstrate its entitlement to judgment as a matter of law on the first cause of action.

The plaintiff's failure to make such a prima facie showing required a denial of that branch of the motion which was for summary judgment on the first cause of action regardless of the sufficiency of the appellant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

We do not, however, reach any issues pertaining to that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action to recover damages for unjust

enrichment, as that branch of the motion was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Magriples v Tekelch,* 53 AD3d 532 [2008]; *Katz v Katz,* 68 AD2d 536, 542-543 [1979]).

The appellants' remaining contentions are without merit. Skelos, J.P., Fisher, Miller and Eng, JJ., concur.