■ AURORA LOAN SERVICES, LLC, Appellant, v TERENCE THOMAS, Respondent, et al., Defendants. [897 NYS2d 140]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated March 13, 2009, as granted those branches of the motion of the defendant Terence Thomas which were for leave to amend his answer to assert the defenses of lack of standing and lack of capacity to sue, and to assert violations of article 12-D of the Banking Law, violations of the Real Estate Settlement and Procedures Act (12 USC § 2604 [c]), and violations of the Truth in Lending Act (15 USC § 1601 *et seq.*).

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Terence Thomas which were for leave to amend his answer to assert violations of article 12-D of the Banking Law, violations of the Real Estate Settlement and Procedures Act, and violations of the Truth in Lending Act, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the defendant Terence Thomas did not waive the defenses of lack of standing and lack of capacity to sue (*cf. Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239 [2007]). Further, the Supreme Court properly granted those branches of Thomas's motion which were for leave to amend his answer to assert the defenses of lack of standing and lack of capacity to sue. Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Here, the proposed amendments were not palpably insufficient or patently devoid of merit. Since the documents upon which Thomas relied in making his motion were obtained from the plaintiff in discovery, there was also no showing of prejudice or surprise resulting directly from Thomas's delay in seeking leave. Accordingly, the Supreme Court properly granted those branches of Thomas's motion.

However, the Supreme Court erred in granting those branches of Thomas's motion which were for leave to amend his answer to assert violations of article 12-D of the Banking Law, violations of the Real Estate Settlement and Procedures Act (12 USC § 2604 [c]), and violations of the Truth in Lending Act (*see* 15 USC § 1601 *et seq.*). As the plaintiff correctly contends, those proposed amendments were, among other things, palpably insufficient as a matter of law and devoid of merit (*see e.g. Rosner v*

*Rosner*, 66 AD3d 983 [2009]). Rivera, J.P., Leventhal, Lott and Austin, JJ., concur.