■ MADISON PHYSICAL THERAPY, P.C., Respondent, v 3311 SHORE PARKWAY REALTY CORP., Appellant, et al., Defendant. [912 NYS2d 889]—

In an action, inter alia, to recover damages for negligence and prima facie tort, the defendant 3311 Shore Parkway Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 19, 2009, as denied those branches of its motion which were to vacate, pursuant to CPLR 5015 (a) (4), a judgment of the same court (Kurtz, J.H.O.), entered January 23, 2007, upon its default in answering the amended complaint or appearing in the action, and to dismiss the amended complaint pursuant to CPLR 3211 (a) (8), and granted the plaintiff's cross motion for leave to amend the caption, in effect, to correct a misnomer in all papers filed in this action to properly name it as 3311 Shore Parkway Realty Corp., nunc pro tunc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was engaged in the business of providing physical therapy services at its offices located at 3311 Shore Parkway in Brooklyn (hereinafter the subject premises). The subject premises were owned by the defendant 3311 Shore Parkway Realty Corp. (hereinafter Shore Parkway), which was sued herein as 3311 Shore Parkway Corp. The defendant H.P.

Landmark Realty, Ltd. (hereinafter Landmark), was the managing agent for the subject premises. In October 2001 the plaintiff commenced this action against Landmark alleging, inter alia, faulty construction work and oversight at the subject premises which adversely affected the plaintiff's ability to engage in its business. On January 23, 2003, without leave of court, the plaintiff joined Shore Parkway as a defendant and served it with an amended summons and amended complaint pursuant to Business Corporation Law § 306 (b). Shore Parkway did not answer, appear, or move to dismiss the amended complaint.

On January 23, 2007, a judgment was entered against Shore Parkway and, thereafter, its bank was served with an information subpoena and a restraining notice freezing Shore Parkway's accounts. In January 2009, approximately six years after being served with process, Shore Parkway moved by order to show cause, inter alia, to vacate the judgment and dismiss the amended complaint on the ground of lack of jurisdiction. The plaintiff opposed the motion and cross-moved for leave to amend the caption, in effect, to correct a misnomer in all papers filed in this action to properly name Shore Parkway as 3311 Shore Parkway Realty Corp. The Supreme Court, among other things, denied those branches of the motion which were to vacate the judgment and dismiss the complaint and granted the cross motion. We affirm the order insofar as appealed from.

The Supreme Court properly determined that since the record was devoid of evidence as to when Landmark's answer was served, it could not conclude that the amended complaint was filed untimely (*see* CPLR 1003).

In addition, the Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for leave to amend the caption, in effect, to correct a misnomer in all papers filed in this action to properly name Shore Parkway as 3311 Shore Parkway Realty Corp. nunc pro tunc (*see Aurora Loan Servs., LLC v Thomas*, 70 AD3d 986, 987 [2010]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.