■ U.S. BANK, NATIONAL ASSOCIATION, Successor in Interest to WACHOVIA BANK, N.A., as Indentured Trustee of MLMI 2005-A0, Respondent, v MOHAMED Y. SHARIF, Appellant, et al., Defendants. [933 NYS2d 293]—

" 'Entitlement to a judgment of foreclosure may be established, as a matter of law, where a mortgagee produces both the mortgage and unpaid note, together with evidence of the mortgagor's default, thereby shifting the burden to the mortgagor to demonstrate, through both competent and admissible evidence, any defense which could raise a question of fact' " (*Zanfini v Chandler*, 79 AD3d 1031, 1031-1032 [2010], quoting *HSBC Bank USA v Merrill*, 37 AD3d 899, 900 [2007]; *see Household Fin. Realty Corp. of N.Y. v Winn*, 19 AD3d 545, 546 [2005]; *Sears Mtge. Corp. v Yaghobi*, 19 AD3d 402, 403 [2005]; *Ocwen Fed. Bank FSB v Miller*, 18 AD3d 527 [2005]).

However, "foreclosure of a mortgage may not be brought by one who has no title to it" (*Kluge v Fugazy*, 145 AD2d 537, 538 [1988]). Where standing is raised as a defense by the defendant, the plaintiff is required to prove its standing before it may be determined whether the plaintiff is entitled to relief (*see U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]).

Here, the defendant Mohamed Y. Sharif (hereinafter Sharif) initially did not raise a defense based on lack of standing in his answer or in a pre-answer motion to dismiss. "[A]n argument that a plaintiff lacks standing, if not asserted in the defendant's answer or in a pre-answer motion to dismiss the complaint, is waived pursuant to CPLR 3211 (e)" (*Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d at 242; *see JP Morgan Chase Bank, N.A. v Strands Hair Studio, LLC*, 84 AD3d 1173, 1173 [2011]). However, defenses waived under CPLR 3211 (e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay (*Complete Mgt., Inc. v Rubenstein*, 74 AD3d 722, 723 [2010]; *see Nunez v Mousouras*, 21 AD3d 355, 356 [2005]; *Aurora Loan Servs., LLC v Thomas*, 70 AD3d 986, 987 [2010]).

After the plaintiff moved for summary judgment, Sharif, with the defendant Nazimah Sharif, cross-moved, inter alia, for leave to serve and file an amended answer to assert a defense based on the plaintiff's lack of standing, and, upon the assertion of that defense, to dismiss the complaint insofar as asserted against them. "Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Aurora Loan Servs., LLC v Thomas*, 70 AD3d at 987; *see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). " 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " (*Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714, 716 [2006], quoting *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see Abrahamian v Tak Chan*, 33 AD3d 947, 949 [2006]).

The Supreme Court improvidently exercised its discretion in denying that branch of Sharif's cross motion which was for leave to serve and file an amended answer to assert a defense based on lack of standing. In opposition to that branch of the cross motion, the plaintiff failed to demonstrate the existence of any prejudice or surprise that would result from the amend-

ment, or that the proposed amended answer was palpably insufficient or patently devoid of merit (*see Aurora Loan Servs., LLC v Thomas*, 70 AD3d at 987).

Upon Sharif's assertion of the defense of lack of standing, the plaintiff was required to demonstrate its standing to prosecute this action (*see U.S. Bank, N.A. v Collymore*, 68 AD3d at 753). In opposition to that branch of Sharif's cross motion which, upon the amendment of the answer, was to dismiss the complaint insofar as asserted against him, the plaintiff failed to make any showing that it had standing to maintain this action. The plaintiff did submit an assignment of the mortgage. However, "[w]here a mortgage is represented by a bond or other instrument, an assignment of the mortgage without assignment of the underlying note or bond is a nullity" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Merritt v Bartholick*, 36 NY 44, 45 [1867]; *Kluge v Fugazy*, 145 AD2d at 538). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). In opposing the cross motion, the plaintiff did not submit a written assignment of the note. Moreover, the plaintiff submitted no evidence to establish physical delivery of the note. Accordingly, in the absence of any evidence to demonstrate the existence of a written assignment of the note or physical delivery of the note, the Supreme Court should have granted that branch of Sharif's cross motion which, upon the amendment of the answer, was to dismiss the complaint insofar as asserted against him for lack of standing (*see* CPLR 3211 [a] [3]; *Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 109 [2011]; *US Bank, N.A. v Collymore*, 68 AD3d at 753-754). Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.