In an action, inter alia, for a judgment declaring that the plaintiff, as the holder of the subject mortgage, has an equitable mortgage on the joint interest of the defendant Floris R. Cortes in the subject premises, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated August 23, 2011, which denied its motion for summary judgment declaring that it has such an equitable mortgage and, in effect, searched the record and awarded summary judgment to the defendants declaring that it does not have such an equitable mortgage.
Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an equitable mortgage on the joint interest of the defendant Floris R. Cortes in the subject premises.
The defendants, Michael Joseph Cortes and Floris R. Cortes, husband and wife, respectively, held title to the subject property in both of their names. A substantial part of the property’s purchase price was supplied through a mortgage loan issued by the plaintiffs predecessor-in-interest. Since the loan documents were executed in the husband’s name only, when the plaintiffs predecessor-in-interest attempted to foreclose on the mortgage due to nonpayment, it was unable to foreclose on the wife’s joint interest in the property because she had not signed the loan documents. The plaintiff commenced the instant action seeking, inter alia, a judgment declaring that it has an equitable mortgage on the joint interest of the wife in the subject premises.
“ ‘While [a] court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation ... it is necessary that an *804 intention to create such a charge clearly appear from the language and the attendant circumstances’ ” (Fremont Inv. & Loan v Delsol, 65 AD3d 1013, 1014 [2009], quoting Tornatore v Bruno, 12 AD3d 1115, 1117-1118 [2004]). Here, the plaintiff failed to meet its burden of establishing the intent necessary to impose an equitable mortgage. Accordingly, the plaintiff failed to demonstrate its entitlement to judgment as a matter of law, and the Supreme Court properly denied the plaintiff’s motion for summary judgment declaring that it has an equitable mortgage on the joint interest of the wife in the subject premises. In addition, the Supreme Court properly, in effect, searched the record and awarded summary judgment to the defendants declaring that the plaintiff does not have an equitable mortgage on the joint interest of the wife in the subject premises.
The plaintiff’s remaining contention is not properly before this Court, as it was raised for the first time on appeal (see NYU Hosp. for Joint Diseases v Country Wide Ins. Co., 84 AD3d 1043, 1044 [2011]; see Polanco v Lewis Flushing Corp., 91 AD3d 624 [2012]).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an equitable mortgage on the joint interest of the defendant Floris R Cortes in the subject premises (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]; Interested Underwriters at Lloyds v Midge Rest. Corp., 283 AD2d 459 [2001]). Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.