■ DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for SAXON ASSETS SECURITIES TRUST 2002-3, Respondent, v ANTHONY COX, Appellant. [973 NYS2d 662]—

In an action, inter alia, for a judgment declaring that the plaintiff has an equitable mortgage upon certain real property owned by the defendant, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (McDonald, J.), entered August 1, 2011, which, upon a decision of the same court dated May 19, 2011, inter alia, granted the plaintiff's motion for summary judgment on the complaint, in effect, denied that branch of his cross motion which was pursuant to CPLR 3025 (b) for leave to amend the answer to assert certain affirmative defenses, and declared that the plaintiff has an equitable mortgage on the subject real property.

Ordered that the order and judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint, and substituting therefor a provision denying the plaintiff's motion, with leave to renew after the completion of discovery, (2) by deleting the provision thereof, in effect, denying that branch of the defendant's cross motion which was for leave to amend the answer to assert the 1st, 2nd, 3rd, 7th, 8th, 9th, 10th, and 11th proposed affirmative defenses, and substituting therefor a provision granting that branch of the defendant's cross motion, and (3) by deleting the provision thereof declaring, inter alia, that the plaintiff has an equitable mortgage on the subject real property; as so modified, the order and judgment is affirmed, with costs to the defendant.

The plaintiff commenced this action, inter alia, for a judgment declaring that it has an equitable mortgage on certain real property owned by the defendant. New York law allows the imposition of an equitable lien if there is an express or implied agreement that there shall be a lien on specific property (*see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd.*, 12 NY3d 798, 800 [2009]; *Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520 [1996]). "While [a] court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation, it is necessary that an intention to create such a charge clearly appear from the language and the attendant circumstances" (*Tornatore v Bruno*, 12 AD3d 1115, 1117-1118 [2004] [internal quotation marks and citation omitted]; *see Pennsylvania Oil Prods. Ref. Co. v Willrock Producing Co.*, 267 NY 427, 434-435 [1935]; *J.P. Morgan Chase Bank, N.A. v Cortes*, 96 AD3d 803, 803-804 [2012]; *Fremont Inv. & Loan v Delsol*, 65 AD3d 1013, 1014 [2009]).

Here, the defendant initially did not raise in his answer a defense based upon lack of personal jurisdiction, lack of standing or a capacity to sue, or the statute of limitations. Hence, those affirmative defenses were waived at that point (*see* CPLR 3211 [e]). However, defenses waived under CPLR 3211 (e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay and is not palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Aurora Loan Servs., LLC v Dimura*, 104 AD3d 796, 797 [2013]; *U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 724 [2011]; *Complete Mgt., Inc. v Rubenstein*, 74 AD3d 722, 723 [2010]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). " 'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " (*Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714, 716 [2006], quoting *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see Aurora Loan Servs., LLC v Dimura*, 104 AD3d at 797).

The Supreme Court improvidently exercised its discretion by, in effect, denying that branch of the defendant's cross motion which was for leave to amend the answer to assert the 1st, 2nd, 3rd, 7th, 8th, 9th, 10th, and 11th proposed affirmative defenses based upon, inter alia, lack of personal jurisdiction, lack of standing or a capacity to sue, and the statute of limitations. In opposition to that branch of the cross motion, the plaintiff failed to demonstrate the existence of any prejudice or surprise that would result from the amendment, or that the proposed affirmative defenses were palpably insufficient or patently devoid of merit (*see U.S. Bank, N.A. v Sharif*, 89 AD3d at 724-725).

As the Supreme Court, in effect, denied the subject branch of the defendant's cross motion, the parties have not been afforded an opportunity to conduct discovery with respect to the amended answer. Under the circumstances of this case, therefore, the plaintiff's motion for summary judgment on the complaint must be denied, with leave to renew upon the completion of discovery. Consequently, the Supreme Court erred in issuing a judgment declaring, inter alia, that the plaintiff has an equitable mortgage on the subject property.

The defendant's remaining contentions are without merit. Balkin, J.P., Leventhal, Austin and Roman, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31489(U).]**