ONEWEST, F.S.B., Respondent, v REGINA GODDARD, Appellant, et al., Defendants. [17 NYS3d 142]—

In an action to foreclose a mortgage, the defendant Regina Goddard appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Siegal, J.), dated December 10, 2013, as denied that branch of her motion which was for leave to amend her answer to include the defense of lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

An argument that a plaintiff lacks standing, if not asserted in the defendant's answer or in a pre-answer motion to dismiss the complaint, is waived pursuant to CPLR 3211 (e) (see *U.S.*

*Bank, N.A. v Sharif*, 89 AD3d 723, 723 [2011]; *JP Morgan Chase Bank, N.A. v Strands Hair Studio, LLC*, 84 AD3d 1173, 1173 [2011]). "[D]efenses waived under CPLR 3211 (e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b) so long as the amendment does not cause the other party prejudice or surprise resulting from the delay" (*Complete Mgt., Inc. v Rubenstein*, 74 AD3d 722, 723 [2010] [internal quotation marks omitted]).

Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Aurora Loan Servs., LLC v Thomas*, 70 AD3d 986 [2010]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Mere lateness is not a basis for denying amendment unless the lateness is coupled with " 'significant prejudice to the other side' " (*Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714, 716 [2006], quoting *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see Abrahamian v Tak Chan*, 33 AD3d 947, 949 [2006]).

In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]; *Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 753-754).

Here, in opposition to that branch of the appellant's motion which was for leave to amend the complaint to add the defense of lack of standing, the plaintiff submitted sufficient evidence of physical delivery to it of the note on March 19, 2009, which was prior to the commencement of the foreclosure action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]; *cf. HSBC Bank USA v Hernandez*, 92 AD3d 843, 844 [2012]). Accordingly, the proposed amendment was palpably insufficient and patently devoid of merit, and the Supreme Court properly denied that branch of the appellant's motion. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.