JP Morgan Chase Bank, N.A. v Bank of Am. (2018 NY Slip Op 05670)





JP Morgan Chase Bank, N.A. v Bank of Am.


2018 NY Slip Op 05670


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-01257
2016-05499
 (Index No. 14422/12)

[*1]JP Morgan Chase Bank, N.A., appellant, 
v
Bank of America, et al., defendants, Pamela Lebhar, et al., respondents.


Dorf & Nelson LLP, Rye, NY (Jonathan B. Nelson of counsel), for appellant.
Somer, Heller & Corwin LLP, Commack, NY (Stanley J. Somer of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from two orders of the Supreme Court, Nassau County (Denise L. Sher, J.), entered November 25, 2015, and March 29, 2016, respectively. The order entered November 25, 2015, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 1018 and 1021 to substitute Federal National Mortgage Association as the plaintiff, to amend the caption to reflect that substitution, and for summary judgment on the complaint insofar as asserted against the defendants Pamela Lebhar and Uriel Lebhar, and granted the cross motion of the defendants Pamela Lebhar and Uriel Lebhar for summary judgment dismissing the complaint insofar as asserted against them and to strike the notice of pendency. The order entered March 29, 2016, insofar as appealed from, upon reargument, adhered to those determinations in the order entered November 25, 2015.
ORDERED that the appeal from the order entered November 25, 2015, is dismissed, without costs or disbursements, as that order was superseded by the order entered March 29, 2016, made upon reargument; and it is further,
ORDERED that the order entered March 29, 2016, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof which, upon reargument, adhered to the determination in the order entered November 25, 2015, denying those branches of the plaintiff's motion which were pursuant to CPLR 1018 and 1021 to substitute Federal National Mortgage Association as the plaintiff and to amend the caption to reflect that substitution, and granting those branches of the cross motion of the defendants Pamela Lebhar and Uriel Lebhar which were for summary judgment dismissing the second and fifth causes of action insofar as asserted against them, and to strike the notice of pendency, and substituting therefor provisions, upon reargument, vacating those determinations in the order entered November 25, 2015, and thereupon granting those branches of the plaintiff's motion which were pursuant to CPLR 1018 and 1021 to substitute Federal National Mortgage Association as the plaintiff and to amend the caption to reflect that substitution, and denying as premature those branches of the cross motion of the defendants Pamela Lebhar and Uriel Lebhar which were for summary judgment dismissing the second and fifth causes of action insofar as asserted against them and to strike the notice of pendency, with leave to [*2]renew upon the completion of discovery; as so modified, the order entered March 29, 2016, is affirmed insofar as appealed from, without costs or disbursements, and the notice of pendency is reinstated.
In June 2002, the defendant Charli Leibovich purchased the subject property using the proceeds of a loan provided by First Financial Equities (hereinafter First Financial), and secured by a mortgage executed the same day by Leibovich (hereinafter the prior mortgage). Also on the same day, for no consideration, Leibovich conveyed the subject property to himself and his then wife, the defendant Pamela Lebhar, as 50% owners, and to his then father-in-law, the defendant Uriel Lebhar, as a 50% owner. Thereafter, on May 2, 2003, in a refinance transaction, Leibovich executed a new mortgage on the subject property (hereinafter the new mortgage) in favor of Flagstar Bank, FSB (hereinafter Flagstar), as security for a loan in the amount of $310,000, which was used to fully satisfy the prior mortgage.
In 2008, again for no consideration, Leibovich, Pamela Lebhar, and Uriel Lebhar transferred the property to Uriel Lebhar as the sole owner. Shortly thereafter, Urial Lebhar obtained a home equity line of credit (hereinafter HELOC) from the defendant Bank of America (hereinafter BofA), which was also secured by a lien on the subject property.
The new mortgage was subsequently assigned to the plaintiff, JP Morgan Chase Bank, N.A., which commenced the instant action pursuant to RPAPL article 15 in November 2012, inter alia, to resolve the priority between the new mortgage and the HELOC and to address issues arising from the fact that the new mortgage had been signed only by Leibovich. Pamela Lebhar and Uriel Lebhar (hereinafter together the Lebhar defendants) joined issue by verified answer generally denying the allegations in the complaint. Leibovich failed to answer or otherwise appear in the action. BofA filed a notice of appearance and thereafter entered into a stipulation of settlement with the plaintiff in which BofA, inter alia, acknowledged the priority of the new mortgage over the HELOC.
The plaintiff moved, inter alia, for summary judgment on the causes of action asserted against the Lebhar defendants, and to substitute Federal National Mortgage Association (hereinafter Fannie Mae) as the plaintiff in this action, and to amend the caption accordingly. The Lebhar defendants opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against them and to strike the notice of pendency. The plaintiff opposed the cross motion.
In the first order appealed from, the Supreme Court denied the plaintiff's motion in its entirety, and granted the Lebhar defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them and to strike the notice of pendency. Thereafter, in the second order appealed from, the court granted the plaintiff's motion for leave to reargue but, upon reargument, adhered to its determination in the prior order. The plaintiff appeals from both orders.
Upon reargument, the Supreme Court should not have granted those branches of the Lebhar defendants' cross motion which were for summary judgment dismissing the second and fifth causes of action insofar as asserted against them. These causes of action sought, in effect, to impose an equitable mortgage against the Lebhar defendants. "New York law allows the imposition of an equitable lien if there is an express or implied agreement that there shall be a lien on specific property" (Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 761; see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd., 12 NY3d 798, 800; Teichman v Community Hosp. of W. Suffolk, 87 NY2d 514, 520). "While [a] court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation, it is necessary that an intention to create such a charge clearly appear from the language and the attendant circumstances" (Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d at 761 [internal quotation marks and citation omitted]; see Pennsylvania Oil Prods. Ref. Co. v Willrock Producing Co., 267 NY 427, 434-435; J.P. Morgan Chase Bank, N.A. v Cortes, 96 AD3d 803, 803-804; Fremont Inv. & Loan v Delsol, 65 AD3d 1013, 1014; Tornatore v Bruno, 12 AD3d 1115, 1117-1118).
Under the circumstances of this case, and given that the parties have not been afforded an opportunity to conduct discovery with respect to, inter alia, the facts surrounding the 2003 refinancing, upon reargument, that branch of the Lebhar defendants' cross motion which was for summary judgment dismissing the second and fifth causes of action should have been denied as premature, with leave to renew upon the completion of discovery (see Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d at 762; cf. J.P. Morgan Chase Bank, N.A. v Cortes, 96 AD3d 803). Additionally, that branch of the motion which was to strike the notice of pendency should have been denied.
Moreover, upon reargument, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to substitute Fannie Mae as the plaintiff on the ground that Fannie Mae lacked standing. In reaching its conclusion, the court erroneously applied the standard used to establish standing in mortgage foreclosure actions. "Standing to commence the foreclosure action is not properly raised in this action to quiet title" (Cudjoe v Boriskin, 157 AD3d 654, 655). Since the plaintiff sufficiently established that Fannie Mae "claims an estate or interest" in the subject property (see RPAPL 1501[1]), that branch of the plaintiff's motion which was to substitute Fannie Mae as the plaintiff should have been granted.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court