Nationstar Mtge., LLC v Jean-Baptiste (2019 NY Slip Op 09011)





Nationstar Mtge., LLC v Jean-Baptiste


2019 NY Slip Op 09011


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2017-02057
 (Index No. 13765/13)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Emile Jean-Baptiste, et al., defendants, Anthony Jean-Baptiste, appellant.


Harvey Sorid, Uniondale, NY, for appellant.
Ballard Spahr LLP, New York, NY (Adam Hartley of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anthony Jean-Baptiste appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 3, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, and denied those branches of the cross motion of the defendant Anthony Jean-Baptiste, made jointly with the defendant Margarette Niclasse, which were for leave to amend his answer and for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Anthony Jean-Baptiste, to strike his answer, and for an order of reference, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Anthony Jean-Baptiste, made jointly with the defendant Margarette Niclasse, which was for leave to amend his answer, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On January 25, 2007, the defendants Emile Jean-Baptiste and Margarette Niclasse executed a note in the amount of $376,000 in favor of Fremont Investment & Loan. The note was secured by a mortgage that was subsequently assigned to the plaintiff. On December 24, 2009, the plaintiff entered into a loan modification agreement with Emile Jean-Baptiste and Niclasse. Thereafter, on April 6, 2012, the plaintiff entered into a loan modification agreement with Niclasse and Anthony Jean-Baptiste (hereinafter the defendant).
In November 2013, the plaintiff commenced this action to foreclose the mortgage against the defendant, Emile Jean-Baptiste, and Niclasse, among others. The defendant, Emile Jean-Baptiste, and Niclasse interposed an answer which, inter alia, denied the plaintiff's allegations that the plaintiff had complied with the notice requirements of RPAPL 1304 and the subject mortgage agreement, and asserted the affirmative defense, among others, that the plaintiff lacked standing to bring this action.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint, to strike the answer of the defendant, Emile Jean-Baptiste, and Niclasse, and for an order of [*2]reference. The defendant and Niclasse cross-moved for leave to amend their answer and for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion and denied the cross motion. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880). However, where the plaintiff's standing has been placed in issue by a defendant, "the plaintiff must prove its standing in order to be entitled to relief" (U.S. Bank N.A, v Sabloff, 153 AD3d at 880; see Bank of N.Y. Mellon v Lopes, 158 AD3d 662, 663). Here, the plaintiff's contention that the defendant waived the defense of the plaintiff's lack of standing is raised for the first time on appeal and is not properly before this Court (see Wachovia Mtge. FSB v Macwhinnie, 175 AD3d 1587, 1590).
"A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899; see U.S. Bank, N.A. v Nathan, 173 AD3d 1112, 1114). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see U.S. Bank, N.A. v Nathan, 173 AD3d at 1114).
Here, the plaintiff failed to meet its prima facie burden of establishing that it had standing to commence this action. In support of its motion, the plaintiff relied on the affidavit of its Document Execution Specialist, Jerrell Menyweather, who attested that the plaintiff received physical delivery of the original note on July 6, 2007, and was in possession and the holder of the note, prior to commencement of the action (see Wells Fargo Bank, N.A. v Grosz, 173 AD3d 1247, 1248-1249; Wells Fargo Bank, N.A. v Gallagher, 137 AD3d at 900). While Menyweather attested that his knowledge was based on business records maintained by the plaintiff, he failed to annex the business records that he referred to in his affidavit. Thus, his affidavit constituted inadmissible hearsay and lacked probative value on this issue of the plaintiff's standing (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206).
"RPAPL 1304(1) provides that at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower.' [P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Citimortgage, Inc. v Borek, 171 AD3d 848, 850, quoting HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826). "RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (Citimortgage, Inc. v Borek, 171 AD3d at 850; see RPAPL 1304[2]).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. Although Menyweather stated in the affidavit that the RPAPL 1304 notices were sent to certain of the defendants via certified and first-class mail, the plaintiff failed to provide any documents to prove that the mailing actually took place. Moreover, "[w]hile mailing may be proved by documents meeting the requirements of the business records exception to the rule against hearsay," Menyweather "did not make the requisite showing that he was familiar with the plaintiff's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050-1051).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
We disagree with the Supreme Court's determination to deny that branch of the defendant's cross motion, made jointly with Niclasse, which was for leave to amend the answer to [*3]add, as an affirmative defense, that the plaintiff failed to comply with a condition precedent contained in paragraph 22 of the mortgage agreement. Contrary to the plaintiff's contention, although the affirmative defense of failure to comply with a condition precedent in paragraph 22 of the mortgage may be waived when it is not raised in an answer, it nevertheless can be interposed in an answer amended by leave of court (see US Bank N.A. v Quacoe, 174 AD3d 832, 833-834; CPLR 3015[a]).
"Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Thomas, 70 AD3d 986, 987; CPLR 3025[b]). " Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (Public Adm of Kings County v Hossain Constr. Corp., 27 AD3d 714, 716, quoting Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959; see U. S. Bank, N.A. v Sharif, 89 AD3d at 724).
Here, the plaintiff failed to demonstrate that any prejudice or surprise would result from the amendment. While the cross motion was made approximately 2½ years after the answer was interposed, the plaintiff was aware that the defendant entered a denial with regard to the allegation in the complaint that it had complied with all conditions precedent in the mortgage agreement, including sending a notice to cure a default. Moreover, the plaintiff opposed that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant for failure to comply with a condition precedent in paragraph 22 of the mortgage agreement and presented evidence in support of its position that it has complied with that condition precedent. Further, the proposed amendment is not palpably insufficient or patently devoid of merit (see U.S. Bank, N.A. v Sharif, 89 AD3d at 724-725). Accordingly, the Supreme Court should have granted that branch of the cross motion which was for leave to amend the answer.
However, contrary to the defendant's contention, he failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him based on the plaintiff's alleged failure to comply with the condition precedent contained in paragraph 22 of the mortgage agreement regarding the notice of default and with the requirements of RPAPL 1304. The defendant's bare denial of receipt of the RPAPL 1304 notice and the notice of default was insufficient to meet his prima facie burden for summary judgment (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 24). Moreover, the defendant failed to establish that the notice of default was defective and not in compliance with paragraph 22 of the mortgage agreement. Contrary to the defendant's contention, the 30-day cure period required by paragraph 22 was not shown to be reduced by the notice stating that future payment obligations are not suspended and that the next installment payment was still due. While the next installment payment was due prior to the expiration of the 30-day cure period, that payment was not included with the amount required to cure the default. Further, contrary to the defendant's contention, the notice need not set forth an "explicit sum" required to cure the default.
The defendant also failed to demonstrate that he was entitled to summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's lack of standing, as the defendant failed to establish that the plaintiff was not in possession of the note at the time of the commencement of the action (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 783; LNV Corp. v Sofer, 171 AD3d 1033, 1035).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court