| |
|---|
| **Konate v 1829-1835 7 LLC** |
| 2025 NY Slip Op 32805(U) |
| August 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158399/2022 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**       PART       **47**

*Justice*

-----------------------------------------------------------------------------X

CHEICK KONATE AND AWA KONATE AS
ADMINISTRATORS OF THE ESTATES OF ALISSA KANTE
AND ADIARATOU KOUROUMA, S. K.,

         Plaintiffs,

       - v -

1829-1835 7 LLC,BARUCH SINGER, SCOTT J. KATZ,
DAVID BRECHER, TRIANGLE WEST ENTERPRISES
LLC,TRIANGLE NORTH ENTERPRISES LLC,DAVID
ISRAEL, JUDA STERN, J. WASSER & CO. INC.,MEYER
BRECHER, MANHATTANVILLE HOLDINGS LLC,IRVING
LANGER, E & M ASSOCIATES, E & M MANAGEMENT
SERVICES, LLC,

         Defendants.

-----------------------------------------------------------------------------X

1829-1835 7 LLC, BARUCH SINGER, DAVID BRECHER,
TRIANGLE WEST ENTERPRISES LLC, TRIANGLE NORTH
ENTERPRISES LLC, JUDA STERN, MANHATTANVILLE
HOLDINGS LLC

         Plaintiffs,

      -against-

FELIX DAVENPORT

         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158399/2022 |
| MOTION DATE | 05/15/2025 |
| MOTION SEQ. NO. | 018 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595246/2023

The following e-filed documents, listed by NYSCEF document number (Motion 018) 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 369, 370, 371, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 410, 411, 412, 464, 465, 466, 476, 477, 478, 520, 524

were read on this motion to/for      AMEND CAPTION/PLEADINGS     .

Defendants, 1829-1835 7 LLC, BARUCH SINGER, DAVID BRECHER, TRIANGLE

WEST ENTERPRISES LLC, TRIANGLE NORTH ENTERPRISES LLC, JUDA STERN and

**158399/2022 CHEICK KONATE AND AWA KONATE AS ADMINISTRATORS OF THE ESTATES
OF ALISSATA KANTE AND ADIARATOU KOUROUMA ET AL vs. 1829-1835 7 LLC
Motion No. 018**       **Page 1 of 5**

1 of 5

[* 1]

MANHATTANVILLE HOLDING move to amend their answer to raise an affirmative defense that plaintiffs lack the capacity to sue, and to assert a counterclaim for tortious fraud and fraud on the court as against the plaintiffs. They further move, if the motion to amend is granted, to dismiss the complaint as against them pursuant to CPLR § 3211(a)(3). Defendants, DAVID ISRAEL, J. WASSSER & CO. INC. (NYSCEF Doc No 369) and SCOTT J. KATZ (NYSCEF Doc No 343), cross-move seeking the same relief as movants.

Movants and cross-movants (hereafter "defendants"), argue that Cheick Konate, one of the administrators of the estate of Alissata Kante, and Adiaratou Kourouma, falsely represented to Surrogate's Court that he was legally married to Adiaratou Kourouma at the time of her death. Defendants argue that they discovered throughout discovery that Cheick Konate was married to a different woman until 2021 when a divorce was entered, years after the date Cheick Konate claims he married Adiaratou Kourouma in Mali. However, in his petition seeking to be named administrator of Kourouma's estate he lists himself as her husband (NYSCEF Doc No 333).

"Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Onewest, F.S.B. v Goddard*, 131 AD3d 1028, 1029 [2d Dept 2015]). "An argument that a plaintiff lacks standing, if not asserted in the defendant's answer or in a pre-answer motion to dismiss the complaint, is waived pursuant to CPLR 3211(e)" (*id.* at 1028). "[D]efenses waived under CPLR 3211(e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025(b) so long as the amendment does not cause the other party prejudice or surprise resulting from the delay" (*id.* at 1029).

**158399/2022   CHEICK KONATE AND AWA KONATE AS ADMINISTRATORS OF THE ESTATES OF ALISSATA KANTE AND ADIARATOU KOUROUMA ET AL vs. 1829-1835 7 LLC**
**Motion No.  018**

**Page 2 of 5**

2 of 5

A duly appointed administrator of an estate of a decedent has the capacity to sue for the wrongful death of the decedent (*Haydamach v State*, 56 AD3d 612 [2d Dept 2008]; *see* EPTL § 5-4.1 ["The personal representative, duly appointed … of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued"]). Defendants argue that because Cheick Konate could not have been legally married to Adiaratou Kourouma, since he testified that he married her in Mali in 2017, while he was still legally married to another woman (NYSCEF Doc No 335 at 500:6 – 501:18; *see also* NYSCEF Doc No 348). Defendants further note that while Cheick Konate testified that Adiaratou Kourouma had three children, that her father was still alive, and that she had many brothers and sisters (NYSCEF Doc No 335 at 13:5 – 13:25: 204:5 – 204:7; 190:21 – 191:5; 192:22 – 194:6), the petition for the letters of administration stated that she only had one child, and no living parents or siblings (NYSCEF Doc No 333). Defendants seek amendment to assert an affirmative defense that Cheick Konate lacks the capacity to sue, based upon these alleged falsities, then seeks dismissal based on the affirmative defense.

Cheick Konate and Awa Konate were granted a Limited Letters of Administration to at as administrators to the estates of Adiaratou Kourouma, and to Aissata Kante (*see Administration Proceeding, Estate of Adiaratou Kourouma*, File No. 2022-865, Decree Granting Administration; *see also Administration Proceeding, Estate of Aissata Kante*, File No. 2022-866, Decree Granting Administration). The powers conferred to Cheick Konate and Awa Konate are limited pursuant to SPCA § 702, and the Decree states:

> These letters confer no power to take possession or control of any
> property until further order of this court, and with respect to a cause

158399/2022   CHEICK KONATE AND AWA KONATE AS ADMINISTRATORS OF THE ESTATES
OF ALISSATA KANTE AND ADIARATOU KOUROUMA ET AL vs. 1829-1835 7 LLC          Page 3 of 5
Motion No.  018

3 of 5

[* 3]

of action are limited to the power to prosecute and confer no power to compromise the action, collect any settlement or enforce any judgment until further order of this court

(*id*.).

SCPA § 703 states:

Subject to the provisions of the succeeding section, letters granted by the court are conclusive evidence of the authority of the persons to whom they are granted until the decree granting them is reversed or modified upon appeal or the letters are suspended, modified or revoked by the court granting them.

As such the validity of these letters "may not be collaterally attacked in a [separate action]" such as this one (*Capozzola v Oxman*, 216 AD2d 509 [2d Dept 1995]; *see also Reid v Service*, 75 Misc 3d 1221(A) [SC Kings Co 2022]) ["[T]he issuance of the letters of administration is not susceptible to collateral attack outside of the Surrogate's Court case]). Furthermore, SCPA § 701(3) provides that "No court except the court which issues letters shall have power to suspend, modify or revoke them, so long as the court issuing them has jurisdiction of the estate or matter in which the letters were issued."

While defendants have raised credible concerns regarding the veracity of the sworn statements Cheick Konate made in his application for the Limited Letters of Administration, only the Surrogate's Court has the authority to suspend modify or revoke the letters, and as such the complaint cannot be dismissed on the grounds of Cheick Konate's alleged incapacity to sue.

Therefore, the motion and cross-motion to amend must be denied because since, Cheick Konate's appointment as administrator can only be challenged in Surrogate's Court, and thus as a matter of law, the "proposed amendment is … insufficient [and] devoid of merit" (*Onewest,* 131 AD3d at 1029).

158399/2022   CHEICK KONATE AND AWA KONATE AS ADMINISTRATORS OF THE ESTATES
OF ALISSATA KANTE AND ADIARATOU KOUROUMA ET AL vs. 1829-1835 7 LLC
Motion No.  018

Page 4 of 5

4 of 5

Accordingly it is,

ORDERED that the motion and cross-motions are denied.

20250815170359PGOETZ44047ADE691C4EBD9DF468EFC15D0F20

_____
8/15/2025
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158399/2022   CHEICK KONATE AND AWA KONATE AS ADMINISTRATORS OF THE ESTATES**          **Page 5 of 5**
**OF ALISSATA KANTE AND ADIARATOU KOUROUMA ET AL vs. 1829-1835 7 LLC**
**Motion No.  018**

5 of 5