[907 NE2d 690, 879 NYS2d 812]

M & B JOINT VENTURE, INC., Respondent, v LAURUS MASTER FUND, LTD., et al., Appellants, et al., Defendants.

Argued February 18, 2009; decided April 7, 2009

APPEARANCES OF COUNSEL

*Brune & Richard LLP*, New York City (*Hillary Richard, Dorothy Mitchell* and *Laurie Edelstein* of counsel), for appellants.

*Salon Marrow Dyckman Newman & Broudy LLP*, New York City (*Richard P. Romeo* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified, with costs to defendants Laurus Master Fund, Ltd. and Laurus Master Fund, Ltd., as agent, and 14-16 East 67th Street Holding Corp., by granting their motions to dismiss the complaint as against them in the entirety and to cancel the notice of pendency and, as so modified, affirmed. The certified question should be answered in the negative.

In February 2004, Penthouse International, Inc., the owner of a New York City townhouse, entered into a series of transactions with defendant Laurus Master Fund, Ltd., under which Laurus agreed to loan Penthouse $24 million in exchange for a mortgage on the property. Immediately after closing, Penthouse transferred ownership of the property to P.H. Realty Associates, LLC, a holding company in which Penthouse held a 99% interest. Penthouse subsequently defaulted on the loan and Laurus sought foreclosure. The property was then conveyed to defendant 14-16 East 67th Street Holding Corp., an entity wholly owned by Laurus. In October 2006, plaintiff M & B Joint Venture, Inc. commenced this action claiming, among other things, that it possessed an equitable lien on the property. Plaintiff also filed a notice of pendency.

In its complaint, plaintiff alleges that it loaned $490,000 to P.H. Realty in February 2004 with the understanding that it would receive a security interest in the premises. Plaintiff asserts in its pleadings that when it transferred the funds to Penthouse's escrow agent, plaintiff advised him in a letter that the sum was not to be released until it "received a fully executed promissory note and second priority mortgage secured by the Property." The complaint also alleges that the escrow agent released the funds without obtaining a promissory note or mortgage.

Laurus and 14-16 East moved to cancel the notice of pendency and separately moved under CPLR 3211 (a) (7) to dismiss the equitable lien claim, together with a cause of action for unjust enrichment. In opposition, plaintiff submitted a number of evidentiary documents, including the February 2004 correspondence referenced in the complaint.

Supreme Court denied both motions. The Appellate Division, with two Justices dissenting in part, modified, by granting Laurus' and 14-16 East's motion to dismiss the unjust enrichment claim, but otherwise affirmed (49 AD3d 258 [2008]). The dissent would have dismissed the equitable lien claim and cancelled the notice of pendency.

New York law allows the imposition of an equitable lien if there is an express or implied agreement "that there shall be a lien on specific property" (*Teichman v Community Hosp. of W. Suffolk*, 87 NY2d 514, 520 [1996] [internal quotation marks and citation omitted]). Such an agreement must evince a sufficiently clear intent that the property is to be "held, given or transferred as security for the obligation" (*id.* [internal quotation marks and citation omitted]). A party's "mere expectation, however sincere, is insufficient to establish an equitable lien" (*Scivoletti v Marsala*, 61 NY2d 806, 809 [1984]).

Here, plaintiff alleges that it loaned $490,000 to P.H. Realty in exchange for a security interest in the property and that a letter contemporaneous with the transaction confirmed the arrangement. But the February 2004 letter plaintiff submitted in opposition to the motion to dismiss plainly states that any mortgage on the property was to be in favor of 21st Century Technologies, Inc., not plaintiff. Additional documentation provided by plaintiff, including an unexecuted mortgage agreement, similarly demonstrates that any purported security interest related to 21st Century alone. Furthermore, plaintiff has not submitted any proof that it is an assignee of, or otherwise has an ownership interest in, the alleged lien. Because plaintiff's own evidentiary submissions "conclusively establish that [it] has no cause of action," dismissal of the complaint as to Laurus and 14-16 East is appropriate (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *see also Leon v Martinez*, 84 NY2d 83, 88 [1994]).

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum; Chief Judge LIPPMAN taking no part.

Order modified, etc.