U.S. Bank N.A. v Alleyne (2020 NY Slip Op 06166)





U.S. Bank N.A. v Alleyne


2020 NY Slip Op 06166


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-09793
 (Index No. 10907/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Gloria Alleyne, et al., defendants, CMP Management Plus Corp., appellant. Avi Rosenfeld, Lawrence, NY, for appellant.


Fidelity National Law Group, New York, NY (Frank Longobardi of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has an equitable mortgage upon certain real property, the defendant CMP Management Plus Corp. appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 23, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant CMP Management Plus Corp., and declaring that the plaintiff has a first priority equitable lien in the amount of $486,000 against the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff has a first priority equitable lien in the amount of $486,000 against the subject property.
On June 30, 2006, the defendant Gloria Alleyne obtained the deed to the property known as 369 East 31st Street, Brooklyn, NY 11226. The description of the property in the 2006 deed began at a point on the westerly side of East 31st Street, and ran easterly therefrom. On the same day, Alleyne executed a mortgage in the amount of $486,000 in favor of nonparty Wells Fargo
Bank, N.A. (hereinafter Wells Fargo), with the subject premises as security. The mortgage did not include a description of the property, but did identify it as 369 East 31st Street, Brooklyn, NY 11226. Wells Fargo thereafter assigned the mortgage to the plaintiff, U.S. Bank National Association.
In a deed dated November 19, 2013, the defendant CMP Management Plus Corp. (hereinafter CMP) obtained title to the property from Alleyne. The 2013 deed contained the same description of the property as the 2006 deed.
On or about July 7, 2014, the plaintiff commenced the instant action seeking, inter alia, an equitable mortgage on the property. The complaint noted that the mortgage failed to include a description of the property, and thus that the plaintiff's security interest in the property was imperiled.
On September 12, 2017, the plaintiff moved, inter alia, for summary judgment on the [*2]complaint insofar as asserted against CMP and for a declaration in the plaintiff's favor. In support, the plaintiff submitted the 2006 and 2013 deeds. The plaintiff further submitted another deed, from 1976, transferring the property between two prior owners. The description of the property in the 1976 deed did not match the description in the deed that transferred the property to Alleyne in 2006.
In an order dated May 23, 2018, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against CMP and declaring that the plaintiff has a first priority equitable lien in the amount of $486,000 against the property, as described in the 1976 deed. CMP appeals.
"New York law allows the imposition of an equitable lien if there is an express or implied agreement that there shall be a lien on specific property" (Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 761; see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd., 12 NY3d 798, 800). "While [a] court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation, it is necessary that an intention to create such a charge clearly appear from the language and the attendant circumstances" (Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d at 761 [internal quotation marks and citation omitted]; see JP Morgan Chase v Bank, N.A. v Bank of America, 164 AD3d 565, 567).
Here, the documentary evidence submitted by the plaintiff sufficiently established the existence of the loan, the intent that it be secured by the property, and the debtor's obligation to satisfy the debt by a date certain (see Federal Deposit Ins. Corp. v Five Star Mgt., 258 AD2d 15, 22; see also CPLR 4522). CMP failed to submit any evidence to raise a triable issue of fact in opposition.
The argument raised in Point II of CMP's brief is raised for the first time on appeal, and thus is not properly before this Court (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against CMP and declaring that the plaintiff has a first priority equitable lien in the amount of $486,000 against the property. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff has a first priority equitable lien in the amount of $486,000 against the property (see Lanza v Wagner, 11 NY2d 317).
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court