U.S. Bank N.A. v Saff (2021 NY Slip Op 00590)





U.S. Bank N.A. v Saff


2021 NY Slip Op 00590


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-00764 
2018-00765
2019-02077
 (Index No. 20452/13)

[*1]U.S. Bank National Association, etc., respondent,
v
David Saff, et al., appellants, et al., defendants.


Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellants.
Law Office of Keith S. Garret, P.C., Babylon, NY (Bruce N. Roberts of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage and for a declaratory judgment, the defendants David Saff and Gloria Saff appeal from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 18, 2017, (2) an order of the same court also dated October 18, 2017, and (3) an order and judgment of foreclosure and sale (one paper) of the same court dated December 6, 2018. The first order dated October 18, 2017, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the causes of action to foreclose the mortgage and for a judgment declaring that the plaintiff has an equitable mortgage on the interest of the defendant Gloria Saff in the subject property. The second order dated October 18, 2017, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the causes of action to foreclose the mortgage and for a judgment declaring that the plaintiff has an equitable mortgage on the interest of the defendant Gloria Saff in the subject property are denied, and the orders dated October 18, 2017, are modified accordingly; and it is further,
ORDERED one bill of costs is awarded to the defendants David Saff and Gloria Saff.
The appeals from the orders dated October 18, 2017, must be dismissed as the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a]; Matter of Aho, 39 NY2d at 248).
In 2005, the defendant David Saff executed a note in the principal sum of $500,000 in favor of Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The note was secured by a mortgage encumbering certain real property in Brooklyn (hereinafter the subject property). The defendants [*2]David Saff and Gloria Saff (hereinafter together the defendants), who are married to each other, purchased the subject property and held title as tenants by the entirety. Thereafter, David Saff allegedly defaulted on the note by failing to make the payment due as of February 1, 2012, and all payments thereafter. Wells Fargo assigned the note and mortgage to the plaintiff.
In November 2013, the plaintiff commenced this action against, among others, the defendants, inter alia, to foreclose the subject mortgage and for a judgment declaring that it had an equitable mortgage on Gloria Saff's interest in the subject property. The defendants interposed an answer asserting various affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference. In the first order dated October 18, 2017, the Supreme Court, inter alia, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the causes of action for a judgment declaring that the plaintiff holds an equitable mortgage on the interest of the defendant Gloria Saff in the subject property and to foreclose the subject mortgage. In the second order dated October 18, 2017, the court, inter alia, granted the same relief and appointed a referee. By order and judgment of foreclosure and sale, the court, inter alia, directed the sale of the subject property. The defendants appeal.
As a threshold matter, we disagree with the plaintiff's contention that the defendants, by not pleading it as an affirmative defense, waived their defense to the cause of action relating to the alleged equitable mortgage on Gloria Saff's interest in the subject property. "CPLR 3018, which governs responsive pleadings, draws a distinction between denials and affirmative defenses" (US Bank N.A. v Nelson, 169 AD3d 110, 113). "Denials generally relate to allegations setting forth the essential elements that must be proved in order to sustain the particular cause of action" and "[t]hus a mere denial of one or more elements of the cause of action will suffice to place them in issue" (id. at 113). A defendant, however, must plead, as an affirmative defense, "all matters which, if not pleaded, would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018[b]; see US Bank N.A. v Nelson, 169 AD3d at 113). Here, the defendants, in their answer, denied the allegations in the complaint relating to the existence of an equitable mortgage on Gloria Saff's interest in the subject property. As the denials of an equitable mortgage were in response to allegations in the complaint, they would not take the plaintiff by surprise. Accordingly, the defense to this cause of action need not have been pleaded as an affirmative defense and was not waived by the defendants.
Contrary to the Supreme Court's determination, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law on the causes of action to foreclose the subject mortgage and for a judgment declaring that the plaintiff has an equitable mortgage on the interest of Gloria Saff in the subject property. "New York law allows the imposition of an equitable lien if there is an express or implied agreement that there shall be a lien on specific property" (Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 761; see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd., 12 NY3d 798, 800). "While [a] court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation, it is necessary that an intention to create such a charge clearly appear from the language and the attendant circumstances" (Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d at 761 [internal quotation marks omitted]; see J.P. Morgan Chase Bank, N.A. v Cortes, 96 AD3d 803, 803-804; Fremont Inv. & Loan v Delsol, 65 AD3d 1013, 1014).
We agree with the plaintiff's contention that those paragraphs of the complaint to which the defendants interposed the answer of "Neither Admitted nor Denied," which is not a recognized pleading response in our civil practice, should be deemed as admitted (see CPLR 3018[a]; Gilberg v Lennon, 193 AD2d 646). Nevertheless, even considering these admitted statements, the plaintiff failed to demonstrate that Wells Fargo intended to obtain a mortgage on Gloria Saff's interest in the property. The mortgage loan application submitted by the plaintiff was for David Saff only, and Gloria Saff is not mentioned therein. The note and mortgage, similarly, were executed by David Saff alone, and Gloria Saff is not mentioned therein. Under the circumstances, the plaintiff failed to demonstrate, prima facie, that the parties unequivocally intended to create a mortgage on Gloria Saff's interest in the subject property (see Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d at 761; Newcomb v Sims, 63 AD3d 1022).
Where spouses own property as tenants by the entirety, a conveyance by one spouse, [*3]to which the other has not consented, cannot bind the entire fee (see V.R.W., Inc. v Klein, 68 NY2d 560, 564; Son Fong Lum v Antonelli, 102 AD2d 258, 262, affd 64 NY2d 1158). The mortgage executed by David Saff did not encumber Gloria Saff's interest in the subject property, and the plaintiff failed to submit evidence demonstrating that it held an equitable mortgage on Gloria Saff's interest in the subject property. Thus, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the causes of action to foreclose the mortgage and for a judgment declaring that the plaintiff has an equitable mortgage against the interest of Gloria Saff in the subject property. Since the plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, the defendants' remaining contentions have been rendered academic.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court