Deutsche Bank Natl. Trust Co. v Pezzola (2021 NY Slip Op 06339)





Deutsche Bank Natl. Trust Co. v Pezzola


2021 NY Slip Op 06339


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2016-13339
 (Index No. 55157/14)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Daniel Pezzola, appellant, et al., defendants.


John E. Lawler, Yonkers, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Daniel Pezzola appeals from an amended order of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated April 20, 2016. The amended order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment pursuant to CPLR 3215 against the defendant Daniel Pezzola and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the amended order is affirmed insofar as appealed from, without costs or disbursements.
In April 2014, the plaintiff commenced this action to foreclose a mortgage, which secured a note and encumbered certain real property in Yonkers, against, among others, the defendant Daniel Pezzola (hereinafter the defendant). The defendant never appeared or answered the complaint. In December 2014, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant pursuant to CPLR 3215 and for an order of reference. The defendant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an amended order dated April 20, 2016, the court, among other things, granted the plaintiff's motion.
The Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant upon his failure to appear or answer the complaint and for an order of reference. "An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 899; see CPLR 3215[f]; HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944). Here, in support of its motion, the plaintiff satisfied these requirements (see Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026; HSBC Bank USA, N.A. v Clayton, 146 AD3d at 944). The plaintiff also established its entitlement to an order of reference (see RPAPL 1321; HSBC Bank USA, N.A. v Clayton, 146 AD3d at 944).
"'To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious [*2]defense'" (Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d at 901, quoting US Bank N.A. v Dorestant, 131 AD3d 467, 470). Here, the defendant failed to assert that he had a reasonable excuse for his failure to appear or answer the complaint (see HSBC Bank USA, N.A. v Clayton, 146 AD3d at 944).
The Supreme Court properly denied the defendant's cross motion, as the defendant failed to demonstrate that he was prejudiced by the absence of both an index number and the date of filing on the documents with which he had been served (see e.g. Nikolaidis v Makita Corp., 242 AD2d 322, 323; Cellular Tel. Co. v Village of Tarrytown, 209 AD2d 57, 64-65).
Since the defendant defaulted in appearing or answering the complaint and failed to seek to vacate the default or assert a reasonable excuse for defaulting, he is precluded from asserting, as defenses, the plaintiff's failure to comply with the requirements of RPAPL 1302 and lack of standing, which were raised for the first time in his reply papers before the Supreme Court (see e.g. HSBC Bank USA, N.A. v Masters, 176 AD3d 926, 928; US Bank N.A. v Dorestant, 131 AD3d at 470).
The defendant's remaining contention, raised for the first time on appeal, is not properly before this Court (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889).
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court