One 32nd St. Corp. v Stewart (2021 NY Slip Op 06448)





One 32nd St. Corp. v Stewart


2021 NY Slip Op 06448


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 154857/19 Appeal No. 14629-14629A Case No. 2021-01313 

[*1]One 32nd Street Corporation et al., Plaintiffs-Appellants,
v
Ronald C. Stewart, Defendant-Respondent.


Ginsburg & Misk LLP, Queens Village (Christopher Ryan Clarke of counsel), for appellants.
Koffsky Schwalb LLC, New York (Steven A. Weg of counsel), for respondent.



Judgment, Supreme Court, New York County (David Benjamin Cohen, J.), entered January 27, 2021, dismissing the complaint with prejudice pursuant to an order, same court and Justice, entered on or about December 30, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Factual Background
Lillian Hester Brown owned a residence located at 240 West 132nd Street, New York, New York. On August 18, 1986, Brown died intestate. Plaintiffs, who claim ownership of the property, allege there are two potential competing deeds. First, plaintiffs allege that Sharmaine L. Brown (Sharmaine) was the survivor of Brown's estate. By deed dated December 16, 2012, Sharmaine conveyed all her right, title, and interest to the property to plaintiff One 100 Street Corporation (100 Corp.). Second, plaintiffs allege that Caroleen Stewart (a/k/a Carolyn Stewart) was the sole surviving heir and distributee of Brown. On August 20, 2008, Caroleen died intestate, and her son, defendant Ronald Stewart (Ronald) was her sole heir and distributee. By deed dated September 10, 2013, Ronald conveyed all his right, title and interest in the property to plaintiff One 32nd Street Corporation (32 Corp.).
100 Corp. and 32 Corp. allege that by virtue of the foregoing deeds, they are the current title holders of the property. They assert that from December 16, 2012 through May 10, 2019, they paid for renovations, maintenance, repairs, and improvements to the property as directed by the NYC Department of Buildings. They allege that they paid real estate taxes and carrying charges for the property, as well as tax liens filed against the property incurred due to Ronald's failure to pay real estate taxes. They assert they have an equitable lien encumbering the property and were damaged by no less than $481,000.
In March 2014, Ronald commenced an action in Supreme Court, New York County, seeking a judgment declaring him the owner of the property and alleging fraud against plaintiffs (the Stewart action).
On May 13, 2019, 100 Corp. and 32 Corp. commenced this action against Ronald asserting a claim for a declaratory judgment that, in the event Ronald is adjudged to be the owner of the property, 100 Corp. and 32 Corp. have an equitable lien encumbering the property and asking that they be equitably subrogated to the position of prior liens on the property. 100 Corp. and 32 Corp., also asserted a claim for unjust enrichment against Ronald.
On October 2, 2019, Ronald moved to dismiss the complaint pursuant to CPLR 3211(a)(3) for lack of capacity to sue and CPLR 3211(a)(7) for failure to state a cause of action. Ronald argued inter alia that 100 Corp. and 32 Corp. were inactive; that he was tricked into signing over the property to 32 Corp. as part of a fraudulent scheme orchestrated by the owner of 100 Corp., and 32 Corp., and finally, that following a trial in the Stewart action in August 2019, the jury found in favor of Ronald and against 32 Corp[*2]. Supreme Court granted Ronald's motion to dismiss the complaint with prejudice. We find that the complaint was properly dismissed.
Discussion
Plaintiffs fail to state a cause of action for an equitable lien. They have pleaded no facts suggesting there existed any agreement, either express or implied, between defendant and either plaintiff regarding a lien on the property, as is necessary to sustain the cause of action (see M&B Joint Venture, Inc. v Laurus Master Fund, Ltd., 12 NY3d 798, 800 [2009]). Plaintiffs' mere expectation of an equitable lien, which is all they plead here, is insufficient to establish the claim (see id.).
Plaintiffs also fail to state a cause of action for unjust enrichment. As stated above, in the Stewart action, plaintiff One 32nd Street Corporation was found by a jury to have fraudulently induced defendant into signing over the deed to it, and a judgment was entered declaring that deed void ab initio (see Ronald C. Stewart v Joseph Makhani, Sup Ct New York County, Index No. 151854/2014). This Court may take judicial notice of the jury's verdict and the judgment. As a result, One 32nd Street cannot establish that it is against equity and good conscience to permit defendant to retain the payments it made toward the property after it improperly took the property from defendant and evicted him from his home (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
Moreover, while privity is not required to support a claim for unjust enrichment, the relationship between the parties cannot be "too attenuated" and the pleading must "indicate a relationship between the parties that could have caused reliance or inducement" (id.). Here, the relationship between plaintiff One 100 Street and defendant is, in fact, too attenuated to permit a claim by One 100 Street against defendant. What is more, the complaint did not plead that One 100 Street relied on any representation that defendant would repay it for improvements on the property, or that defendant induced it to do so (see McMurray v Hye Won Jun, 168 AD3d 435, 435 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021