Nationstar Mtge., LLC v Pajuelo (2022 NY Slip Op 02007)





Nationstar Mtge., LLC v Pajuelo


2022 NY Slip Op 02007


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2020-09734
 (Index No. 515751/15)

[*1]Nationstar Mortgage, LLC, appellant, 
v
Gladys F. Pajuelo, et al., defendants, Celso F. Pajuelo, respondent.


Finkelstein Filler, LLP, Staten Island, NY (Edward R. Finkelstein of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage and for a declaratory judgment, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 19, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for a default judgment declaring that the plaintiff has an equitable mortgage on the interest of the defendant Celso F. Pajuelo in the real property at issue.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In December 2015, the plaintiff commenced this foreclosure action against, among others, the defendants Gladys F. Pajuelo and Celso F. Pajuelo (hereinafter together the defendants). The plaintiff alleged, inter alia, that in July 2006, Gladys F. Pajuelo executed a note in the principal amount of $300,000, which was secured by a mortgage on real property in Kings County (hereinafter the property) which was held by both of the defendants as tenants by the entirety. The plaintiff also alleged that Gladys F. Pajuelo failed to pay the mortgage as of February 2010, and that Celso F. Pajuelo was an owner of the property as a tenant by the entirety against whom it was entitled to impose and foreclose an equitable mortgage. The defendants did not answer and, in January 2019, the plaintiff moved, among other things, for a default judgment declaring that it has an equitable mortgage on the interest of the defendant Celso F. Pajuelo in the property. In an order dated December 19, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion, and the plaintiff appeals.
New York law does not allow the imposition of an equitable lien unless there is an express or implied agreement that there shall be a lien on the specific property at issue (see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd., 12 NY3d 798, 800; U.S. Bank N.A. v Saff, 191 AD3d 733, 735). "'While [a] court will impose an equitable mortgage where the facts surrounding a transaction evidence that the parties intended that a specific piece of property is to be held or transferred to secure an obligation, it is necessary that an intention to create such a charge clearly appear from the language and the attendant circumstances'" (U.S. Bank N.A. v Saff, 191 AD3d at 735, quoting Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 761).
Here, although the defendants are deemed to have admitted to all the factual [*2]allegations contained in the complaint and all reasonable inferences that flow from them because they are in default (see HSBC Bank USA, N.A. v Thorne, 189 AD3d 1193, 1194), even considering the admitted factual allegations and all reasonable inferences that flow from them, the plaintiff failed to demonstrate, prima facie, that there was an intent to create a mortgage on Celso F. Pajuelo's interest in the property (see U.S. Bank N.A. v Saff, 191 AD3d at 735-736). Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was for a default judgment declaring that it has an equitable mortgage on the interest of the defendant Celso F. Pajuelo in the property.
The plaintiff's remaining contention is without merit.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court