Nationstar Mtge., LLC v Pajuelo (2022 NY Slip Op 02006)





Nationstar Mtge., LLC v Pajuelo


2022 NY Slip Op 02006


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-01167
 (Index No. 515751/15)

[*1]Nationstar Mortgage, LLC, appellant, 
v
Gladys F. Pajuelo, et al., respondents, et al., defendants.


Sanders, Gutman & Brodie, P.C., Brooklyn, NY (D. Michael Roberts of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage and for a declaratory judgment, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 6, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Gladys F. Pajuelo and Celso F. Pajuelo.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Gladys F. Pajuelo, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In December 2015, the plaintiff commenced this foreclosure action against, among others, the defendants Gladys F. Pajuelo and Celso F. Pajuelo (hereinafter together the defendants). The plaintiff alleged, inter alia, that in July 2006, Gladys F. Pajuelo executed a note in the principal amount of $300,000, which was secured by a mortgage on real property in Kings County (hereinafter the property) which was held by both of the defendants as tenants by the entirety. The plaintiff alleged that Gladys F. Pajuelo failed to pay the mortgage as of February 2010. The defendants did not answer and, in April 2017, the plaintiff moved, among other things, for leave to enter a default judgment against them. The Supreme Court, inter alia, denied those branches of the plaintiff's motion, and the plaintiff appeals.
The Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Gladys F. Pajuelo. "An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 899; see CPLR 3215[f]; Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d 877, 878). Here, the plaintiff submitted proof that these requirements were satisfied as to Gladys F. Pajuelo (see Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d at 878).
However, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to enter a default judgment against Celso F. Pajuelo, declaring that the plaintiff [*2]has an equitable mortgage on Celso F. Pajuelo's interest in the property. Where spouses own property as tenants by the entirety, a conveyance by one spouse, to which the other has not consented, cannot bind the entire fee (see U.S. Bank N.A. v Saff, 191 AD3d 733, 736; V.R.W., Inc. v Klein, 68 NY2d 560, 564). Here, the mortgage executed by Gladys F. Pajuelo did not encumber Celso F. Pajuelo's interest in the property, and the plaintiff failed to submit evidence to demonstrate its entitlement to an equitable mortgage against Celso F. Pajuelo's interest in the property (see U.S. Bank N.A. v Saff, 191 AD3d at 735-736).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court