Matter of Saadia Safdi Realty, LLC v Press (2022 NY Slip Op 04631)

Matter of Saadia Safdi Realty, LLC v Press

2022 NY Slip Op 04631

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2019-00520
 (Index No. 507079/18)

[*1]In the Matter of Saadia Safdi Realty, LLC, etc., appellant,
v
Melvin Press, etc., et al., respondents, 2766 W 15th Street, LLC, et al., respondents-respondents.

Kenneth M. Lieblich, New York, NY, for appellant.
Suslovich & Klein LLP, Brooklyn, NY (Mark M. Kranz of counsel), for respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 52 to enforce a judgment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated December 12, 2018. The order and judgment granted the motion of the respondents 2766 W 15th Street, LLC, Manchester Capital, LLC, Arthur Deitel, and Robert M. Gottesman to dismiss the petition insofar as asserted against them, and denied the petition and dismissed the proceeding insofar as asserted against those respondents.
ORDERED that the order and judgment is affirmed, with costs.
In August 2007, Melvin Press and Basya Press, as trustees of the Hatzlocha B'Syata D'Shmaya Trust (hereinafter together the trustees), as mortgagors, entered into a note and mortgage agreement with Manchester Capital, LLC (hereinafter Manchester), as mortgagee. The real property securing the underlying mortgage loan, a mixed-use investment building, was located in Brooklyn and owned by the trustees. The trustees defaulted on the mortgage loan with Manchester. In an effort to avoid a foreclosure action, the trustees conveyed the property to 2766 W 15th Street, LLC (hereinafter 2766 LLC), an entity created for this purpose, by quitclaim deed dated April 28, 2011, in return for the trustees being released from their obligations under the note and mortgage, pursuant to a general release agreement with Manchester.
In March 2018, the petitioner obtained a money judgment against, among others, the trustees in the total amount of $1,083,035. In April 2018, the petitioner commenced this proceeding against the trustees, 2766 LLC, Manchester, Arthur Deitel, who was a principal of 2766 LLC, and Robert M. Gottesman, a principal of Manchester, pursuant to CPLR article 52 to enforce the judgment against the property by, inter alia, deeming the quitclaim deed between the trustees and 2766 LLC to be security for the note and mortgage between the trustees and Manchester, rather than an absolute conveyance of title. 2766 LLC, Manchester, Deitel and Gottesman (hereinafter collectively the moving respondents) moved to dismiss the petition insofar as asserted against them, arguing that the proceeding was barred by the statute of limitations and the doctrines of res judicata and collateral estoppel, and that the petitioner presented no evidence to support the relief requested. In an order and judgment dated December 12, 2018, the Supreme Court granted the motion and [*2]denied the petition and dismissed the proceeding insofar as asserted against the moving respondents. The petitioner appeals.
This is a special proceeding pursuant to CPLR article 52, which sets forth the procedures for the enforcement of a money judgment in New York (see Matter of Sirotkin v Jordan, LLC, 141 AD3d 670, 671). A money judgment may be enforced against any property which could be assigned or transferred, unless it is exempt from application to the satisfaction of the judgment (see CPLR 5201[b]).
"Unlike a complaint in a plenary action, a petition in a special proceeding must be accompanied by competent evidence" (Matter of Arben Corp. v Durastone, LLC, 186 AD3d 599, 600; see Matter of FR Holdings, FLP v Homapour, 154 AD3d 936, 938). "The court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR 409[b]; see Matter of Arben Corp. v Durastone, LLC, 186 AD3d at 600; Matter of TNT Petroleum, Inc. v Sea Petroleum, Inc., 72 AD3d 694, 695).
In seeking the relief specified in the petition, the petitioner was required to submit evidence establishing that the quitclaim deed between the trustees and 2766 LLC must be deemed a mortgage in view of the requirements of Real Property Law § 320. "Real Property Law § 320 provides, in pertinent part, that a 'deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage'" (American Lending Corp. v Grigg, 184 AD3d 613, 615; see Basile v Erhal Holding Corp., 148 AD2d 484, 485-486). However, New York law does not allow the imposition of an equitable lien unless there is an express or implied agreement that there shall be a lien on the specific property at issue (see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd., 12 NY3d 798, 800; U.S. Bank N.A. v Saff, 191 AD3d 733, 735). Here, the evidence submitted by the petitioner failed to establish that the quitclaim deed was intended as security and was anything other than an absolute conveyance of the property (see generally M & B Joint Venture, Inc. v Laurus Master Fund, Ltd., 12 NY3d at 800; Simmons v Reich, 171 AD3d 1237, 1238). The record does not support a finding of a clear intent that the property was to be held, given, or transferred to 2766 LLC as security for the trustees' loan obligation under the note and mortgage (see generally M & B Joint Venture, Inc. v Laurus Master Fund, Ltd., 12 NY3d at 800).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding insofar as asserted against the moving respondents.
In light of our determination, we need not reach the moving respondents' remaining contentions.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court