MTGLQ Invs., L.P. v Tupper (2024 NY Slip Op 03174)

MTGLQ Invs., L.P. v Tupper

2024 NY Slip Op 03174

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2020-00657
 (Index No. 614054/18)

[*1]MTGLQ Investors, L.P., respondent,
v
Aileen Tupper, et al., appellants, et al., defendants.

Ronald D. Weiss, P.C., Melville, NY (Rosemarie Klie of counsel), for appellants.
Friedman Vartolo LLP, New York, NY (Zachary Gold, Oran Schwager, and Ronald Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Aileen Tupper and Garrett Tupper appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 26, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Aileen Tupper and Garrett Tupper, to strike those defendants' answer, and to appoint a referee to compute the amount due on a consolidated note and, in effect, denied those defendants' cross-motion to compel discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 15, 2004, the defendant Aileen Tupper executed a note (hereinafter the 2004 note) in the amount of $333,700 in favor of JPMorgan Chase Bank (hereinafter JPMorgan). The 2004 note was secured by a mortgage on certain real property located in Nassau County (hereinafter the 2004 mortgage). The 2004 mortgage was signed by both Aileen Tupper and the defendant Garrett Tupper (hereinafter together the defendants).
On October 19, 2012, Aileen Tupper executed a second note in favor of JPMorgan in the amount of $1,709.02 (hereinafter the 2012 note). The 2012 note was secured by a second mortgage on the subject property, again signed by the defendants.
Also on October 19, 2012, Aileen Tupper executed a consolidated note in favor of JPMorgan in the amount of $291,675 (hereinafter the consolidated note). The consolidated note stated that it was being given in substitution for the 2004 note and the 2012 note. The consolidated note was secured by a consolidated mortgage, as reflected in a consolidation, extension, and modification agreement (hereinafter CEMA), executed by the defendants in favor of JPMorgan on October 19, 2012.
On October 17, 2018, the plaintiff, JPMorgan's purported successor in interest, commenced the instant action to foreclose the consolidated mortgage against the defendants, among others. The plaintiff attached copies of the 2004 note, the 2012 note, and the consolidated note to [*2]the complaint. All three notes were endorsed in blank. In their answer, the defendants alleged, inter alia, that the plaintiff lacked standing.
On May 22, 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and to appoint a referee to compute the amount due on the consolidated note. The defendants opposed the plaintiff's motion and cross-moved to compel discovery. In an affirmation in opposition to the motion and in support of the cross-motion, the defendants argued that further discovery was needed regarding the issue of the plaintiff's standing. In an order entered September 26, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and, in effect, denied the defendants' cross-motion. The defendants appeal.
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and to appoint a referee to compute the amount due on the consolidated note and properly, in effect, denied the defendants' cross-motion to compel discovery. Contrary to the defendants' contention, the defendants "failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the [opposing party's] knowledge and control" (R.L. v New York City Dept. of Educ., 175 AD3d 477, 479; see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726).
The defendants' remaining contentions, regarding the plaintiff's alleged violation of the Truth in Lending Act (15 USC § 1601 et seq.), are improperly raised for the first time on appeal (see Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d 877).
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court